Pamela A. Miller
O'MELVENY & MYERS LLP
Seven Times Square
New York, New York 10036
Telephone:  (212) 326-2000
Facsimile:  (212) 326-2061
E-mail:  pmiller@omm.com

*Attorneys for Defendants Merrill Lynch International*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>              Plaintiff-Applicant,<br>       v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>              Defendant. | SIPA Liquidation<br>No. 08-01789-SMB<br>(Substantively Consolidated) |
| In re:<br><br>BERNARD L. MADOFF,<br><br>              Debtor. | |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment securities LLC,<br><br>              Plaintiff,<br>       v.<br><br>MERRILL LYNCH INTERNATIONAL<br><br>              Defendant. | Adv. Pro. No. 10-05346 (SMB) |

**DEFENDANT MERRILL LYNCH INTERNATIONAL'S REPLY**
**MEMORANDUM IN SUPPORT OF DISMISSAL WITH PREJUDICE**

# **INTRODUCTION**[1]

Defendant MLI adopts and incorporates by reference the Consolidated Reply and writes separately to address the Trustee's MLI Memorandum and Proffer. Judge Rakoff has made clear that the only relevant question in the extraterritoriality inquiry is where the transfers occurred, which is where the parties are incorporated.[2] The Trustee has acknowledged—as it must—that both the transferor and the transferee are foreign entities. That should be the end of the inquiry, and this action should be dismissed.

Ignoring the crux of Judge Rakoff's Extraterritoriality Decision, the Trustee's Consolidated Opposition focuses only on facts irrelevant to the key question of where the transfers occurred. The Trustee ignores the operative complaint and bases its arguments against MLI entirely on newly-proffered allegations, which seek to establish a (legally irrelevant) nexus between the transferring parties and the United States. But even accepting all of the Trustee's proffered allegations as true would not lead to a different outcome. The Trustee does not, and cannot, deny that the transfers did not occur in the United States. Because the proffered allegations are futile, the Court should deny the Trustee's motion to amend and dismiss the complaint against MLI with prejudice.

---

[1] The "MLI Complaint" is the operative complaint (Docket 1); "MLI Proffer" is the Trustee's proffered allegations against MLI (Docket 89); the "MLI Memorandum" is the Trustee's supplemental opposition memorandum against MLI (Docket 88); the "Consolidated Memorandum" is the Transferee Defendants' consolidated memorandum of law in support of their motion to dismiss the Trustee's claims based on extraterritoriality (Docket 78); the "Consolidated Opposition" is the Trustee's memorandum of law in opposition to the Transferee Defendants' motion to dismiss filed on June 30, 2015 (Docket 87); the "Consolidated Reply" is the Transferee Defendants' consolidated reply memorandum of law filed on September 30, 2015; the "Fairfield Funds" are Fairfield Sentry and Fairfield Sigma; "BLMIS" is Bernard L. Madoff Investment Securities LLC; the "Extraterritoriality Decision" is *SIPC v. Madoff*, 513 B.R. 222 (S.D.N.Y. 2014); "MLI" is Merrill Lynch International; and "ML & Co." is Merrill Lynch & Company. Unless otherwise specified, all emphasis is added, and all quotation marks and internal citations are omitted.

[2] Extraterritoriality Decision at 233 n. 4 ("[U]nless the Trustee can put forth specific facts suggesting a domestic transfer, his recovery actions seeking foreign transfers should be dismissed.").

## ARGUMENT

### I.    The Trustee's complaint must be dismissed.

On July 7, 2014, Judge Rakoff entered an Opinion and Order directing the bankruptcy court to dismiss claims against the Transferee Defendants to the extent that they seek to recover purely foreign transfers.[3]  Judge Rakoff held:

> [I]t is the Trustee's obligation to allege "facts giving rise to the plausible inference that" the transfer occurred "within the United States." (citation omitted)  *Here, to the extent that the Trustee's complaints allege that both the transferor and the transferee reside outside of the United States, there is no plausible inference that the transfer occurred domestically.* Therefore, unless the Trustee can put forth specific facts suggesting a domestic transfer, his recovery actions seeking foreign transfers should be dismissed.[4]

As the judge made clear, the relevant question in determining whether the transfers occurred domestically is "the location of the transfers," *i.e.*, the locations of the transferor and transferee as determined by their place of incorporation.[5]  Thus, to state a claim for recovery under Section 550(a), the Trustee's complaint must plead that either the transferor or the transferee was incorporated under the laws of the United States.  The MLI Complaint clearly alleges that both Fairfield and MLI are incorporated overseas.[6]

### II.    The Trustee's motion for leave to amend should be denied for futility.

Instead of attempting to salvage the MLI Complaint, the Trustee relies only on his proffered allegations against MLI.  But these proffered allegations ignore Judge Rakoff's holding.  Only allegations that the *transfers at issue here* occurred within the United States would satisfy the Trustee's pleading burden.[7]  Instead, the Trustee attempts to establish a nexus

---

[3] *Id.*
[4] *Id.*
[5] *See id.* at 227, 233 n. 4.
[6] MLI Complaint ¶¶ 51, 54, 55.
[7] Extraterritoriality Decision at 233 n. 4.

between the transferring parties and the United States by arguing that (i) the Fairfield Funds'

principal operations were in New York; (ii) MLI agreed to New York choice of law and venue

provisions in the subscription agreements; (iii) MLI had knowledge of where the funds were

invested; (iv) MLI used a correspondent bank account in New York to receive transfers; (v) MLI

had a "relationship" with the Fairfield Funds' U.S. office, employees, or other representatives;

(vi) MLI's U.S. affiliate conducted due diligence out of New York and on BLMIS; and (vii) ML

& Co. and other U.S. affiliates "substantially participated" in the transactions that led to the

eventual foreign transfers.[8]

    As more fully described in Section II. B. of the Consolidated Reply, all of these

allegations are insufficient to create a plausible inference that the *transfers themselves* occurred

domestically.  Judge Rakoff expressly held that the Trustee must plead more than domestic

*elements* of the transfer—he must instead plead domestic *transfers*.[9]  As an initial matter, Judge

Rakoff has already considered—and rejected as insufficient—many of the Trustee's allegations

here.  For example, Judge Rakoff already considered complaints involving the Fairfield Funds

and found "no plausible inference that the transfer occurred domestically," notwithstanding the

fact that the Funds had U.S. operations.[10]  He also considered allegations that the Transferee

Defendants had submitted to New York law or jurisdiction in subscription agreements, and he

did not find those allegations to be relevant.[11]  Judge Rakoff also found that even if "the chain of

transfers originated with Madoff Securities in New York," that allegation is "insufficient to make

the recovery of these otherwise thoroughly foreign subsequent transfers into a domestic

---

[8] Consolidated Opposition, Ex. 2, p. 5; MLI Proffer ¶¶ 14–22.
[9] Extraterritoriality Decision at 233 n. 4.
[10] Extraterritoriality Decision at 233 n.4
[11] *Id.* at 225–26 (considering the CACEIS complaint).

application of section 550(a)."[12]  Nor was Judge Rakoff persuaded by the Transferee

Defendants' use of "correspondent banks in the United States to process dollar-denominated

transfers," which he specifically found insufficient to establish domestic transfers.[13]  To the

extent that the Trustee invokes these arguments to suggest that the transfers between Fairfield

and MLI were somehow domestic, Judge Rakoff has already foreclosed those arguments.

The Trustee also argues that MLI used a U.S. agent and affiliate, ML & Co., which was a

"substantial participant in the transaction."[14]  Specifically, the Trustee alleges that ML & Co.

"conduct[ed] due diligence, me[t] with [Fairfield Funds] representatives, execute[d] agreements,

or otherwise provide[d] services for, or on behalf, of the Defendant."[15]  These allegations relate

to events that occurred long before the transfers at issue here and do not address the actual

location of the transfers themselves.  Moreover, the fact that a "significant portion of the

fraudulent conduct occurred in the United States" is insufficient to establish a domestic

transfer.[16]

Finally, the Trustee alleges that ML & Co.—a legally distinct entity—created and sold

structured products (notes and warrants) that included investments in the Fairfield Funds,

marketed those structured products in New York, and served as issuer and/or guarantor for those

structured products.[17]  The only transfer at issue in this proceeding is between Fairfield and MLI.

The Trustee does not explain how ML & Co.'s issuance of notes and warrants backed by MLI's

investment in Fairfield constitutes participation in MLI's investment itself.  Regardless, even

---

[12] *Id.* at 228.

[13] *Id.* at 228 n. 1 (citing *Cedeno v. Intech Grp., Inc.*, 733 F. Supp. 2d 471, 472 (S.D.N.Y. 2010) (dismissing a RICO claim as impermissibly extraterritorial where "[t]he scheme's contacts with the United States, however, were limited to the movement of funds into and out of U.S.-based bank accounts")).

[14] Consolidated Opposition, Ex. 2, p. 5; MLI Proffer ¶¶ 14–22, 38–43.

[15] Consolidated Opposition, Ex. 2-B, Description of Column 11.

[16] Extraterritoriality Decision at 228 (citing *Morrison v. Nat'l Australia Bank Ltd.*, 561 U.S. 247, 269–70 (2010)).

[17] MLI Proffer ¶¶ 14–22.

where a U.S. entity plays a substantial role in a challenged transaction, it does not render an otherwise foreign transaction domestic.[18]

The only allegation going to the dispositive issue is the Trustee's admission that "MLI was the legal entity that invested with the Fairfield Funds and ultimately received investment returns of BLMIS Customer Property from the Fairfield Funds," which ends the inquiry.[19]

## CONCLUSION

The Trustee's complaint and proffered allegations do not establish a plausible inference that the relevant transfers occurred in the United States. Moreover, the Trustee does not satisfy the standard for leave to amend because any amendment would be futile. For the foregoing reasons, as well as those in the Consolidated Reply, the Court should dismiss the Trustee's complaints and deny his request for leave to amend.

---

[18] *See Loginovskaya v. Batratchenko*, 764 F.3d 266 (2d Cir. 2014) (finding challenged transaction extraterritorial despite substantial participation of U.S. corporation); *Absolute Activist Value Master Fund Ltd. v. Ficeto*, 677 F.3d 60 (2d Cir. 2012) (finding a securities transaction foreign even where U.S. companies issued the securities, and a California broker-dealer was an "underwriter for, or was otherwise involved, in the offerings"); *Cornwell v. Credit Suisse Group*, 666 F. Supp. 2d 381 (S.D.N.Y. 2009) (declining to exercise jurisdiction under the more liberal "conducts and effects test" even where securities at issue were likely structured, managed, and sold in the United States).

[19] MLI Proffer ¶ 22.

Dated: New York, New York
      September 30, 2015                        Respectfully submitted,

By: _/s/ *Pamela A. Miller*___
     Pamela A. Miller
     O'MELVENY & MYERS LLP
     Seven Times Square
     New York, New York  10036
     Telephone:  (212) 326-2000
     Facsimile:  (212) 326-2061
     E-mail: pmiller@omm.com

     *Attorneys for Merrill Lynch*
     *International*